NOTE:  This disposition is nonprecedential.

# United States Court of Appeals
# for the Federal Circuit

———————————————

**U.S. WELL SERVICES, LLC,**
*Appellant*

**v.**

**COKE MORGAN STEWART, ACTING UNDER SECRETARY OF COMMERCE FOR INTELLECTUAL PROPERTY AND ACTING DIRECTOR OF THE UNITED STATES PATENT AND TRADEMARK OFFICE,**
*Intervenor*

———————————————

2023-1796

———————————————

Appeal from the United States Patent and Trademark Office, Patent Trial and Appeal Board in No. IPR2021-01238.

———————————————

Decided:  February 13, 2025

———————————————

MATTHEW JAMES DOWD, Dowd Scheffel PLLC, Washington, DC, argued for appellant.  Also represented by ROBERT JAMES SCHEFFEL.

OMAR FAROOQ AMIN, Office of the Solicitor, United States Patent and Trademark Office, Alexandria, VA,

argued for intervenor.  Also represented by PETER J. AYERS, MAI-TRANG DUC DANG, AMY J. NELSON, FARHEENA YASMEEN RASHEED.

_____

Before CHEN, SCHALL, and STOLL, *Circuit Judges.*

CHEN, *Circuit Judge.*

U.S. Well Services, LLC (USWS) appeals from the final written decision of the Patent Trial and Appeal Board (Board) determining that all claims of U.S. Patent No. 10,526,882 ('882 patent) are unpatentable under 35 U.S.C. § 103 over multiple independent grounds asserted in the *inter partes* review petition filed by Halliburton Energy Services, Inc. (Halliburton).  *Halliburton Energy Servs., Inc. v. U.S. Well Servs., LLC*, No. IPR2021-01238, 2023 WL 1967523 (P.T.A.B. Feb. 13, 2023) (*Decision*).  We have jurisdiction under 28 U.S.C. § 1295(a)(4)(A).  On appeal, USWS contests the Board's findings that the prior art discloses two limitations present in the claims: the claimed variable frequency drive (VFD) that performs certain functions and the claimed switchgear.  For the following reasons, we *affirm*.

The VFD limitation is present in claims 1–7, 9, and 10.  The Board determined that Broussard[1] in combination with either Sanborn[2] or Cryer[3] renders this limitation obvious.  USWS does not dispute that Broussard discloses the claimed VFD.  Rather, for the first time on appeal, USWS argues that a skilled artisan would not have been

_____

[1] U.S. Patent Publication No. 2014/0138079 (Broussard).

[2] U.S. Patent Publication No. 2013/0306322 (Sanborn).

[3] U.S. Patent No. 8,997,904 (Cryer).

motivated to incorporate Broussard's features into Sanborn or Cryer's VFDs. *See* Appellant's Br. 38–39. USWS acknowledges that it "did not explicitly challenge the motivation to combine Broussard with Sanborn or Cryer during the IPR proceeding." Appellant's Reply Br. 13. Upon review of the record, we agree with USWS that it did not raise this argument below, and its challenge on appeal therefore is forfeited. *See In re Google Tech. Holdings, LLC*, 980 F.3d 858, 863 (Fed. Cir. 2020). Accordingly, we need not address USWS's other arguments regarding whether Sanborn or Cryer render obvious the claimed VFD.

The switchgear limitation is present in all claims and recites: "a switch gear between the transmission line and the source of electricity, and another switch gear between the transmission line and the electric motor." '882 patent at claim 1; *see id.* at claim 8 (similar). Here too, the Board found that three references, including Sanborn, each independently disclose or render obvious this limitation. Although Sanborn does not expressly disclose the claimed switchgear configuration, the Board found that Sanborn discloses multiple switchgear, and that a skilled artisan would have found it obvious to place one switchgear between the transmission line and the source of electricity and another switchgear between the transmission line and the electric motor. *See Decision*, 2023 WL 1967523, at *11–13. Substantial evidence—including Sanborn's disclosure and Halliburton's expert's testimony—supports these findings. Accordingly, we need not address USWS's other arguments regarding whether the other two references disclose or render obvious this limitation.

Additionally, USWS challenges the Board's findings on objective indicia of nonobviousness. The Board dismissed USWS's copying evidence, noting that USWS failed to "explain how this information is relevant to the claims of the '882 patent, nor [did the Board] perceive any such relevance." *Id.* at *33. USWS does not cure these deficiencies

on appeal.  The Board also reasonably found USWS's evidence of commercial success unpersuasive.  *Decision*, 2023 WL 1967523, at *33–34.  USWS points to a Yahoo News press release, which generally references "three licenses" between ProFrac Manufacturing, LLC and USWS.  J.A. 2007–08.  Yet, USWS has not produced the referenced licenses, nor has it shown that the '882 patent is included in any of these licenses.  USWS also asserts that its Clean Fleet products demonstrate commercial success.  However, USWS has not demonstrated a nexus between those products and the claims of the '882 patent.  *Fox Factory, Inc. v. SRAM, LLC*, 944 F.3d 1366, 1373 (Fed. Cir. 2019) ("In order to accord substantial weight to secondary considerations in an obviousness analysis, the evidence of secondary considerations must have a nexus to the claims . . . ." (cleaned up)).  Furthermore, the Board noted that USWS did "not define the relevant market or present sales figures in support of its assertions of commercial success."  *Decision*, 2023 WL 1967523, at *34; *see J.T. Eaton & Co. v. Atl. Paste & Glue Co.*, 106 F.3d 1563, 1571 (Fed. Cir. 1997) (noting that commercial success is "usually shown by significant sales in a relevant market, and that the successful product is the invention disclosed and claimed in the patent").  Accordingly, the Board reasonably found that USWS's "evidence of objective indicia is entitled to little weight."  *Decision*, 2023 WL 1967523, at *32.

We have considered USWS's remaining arguments and find them unpersuasive.  For the foregoing reasons, we *affirm*.

**AFFIRMED**